IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA JILES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:10CV00254 SWW |
| | * | |
| ERIK L. SHINSEKI and the DEPARTMENT OF VETERANS AFFAIRS, | * * | |
| | * | |
| Defendants. | * | |

**Memorandum Opinion and Order**

This matter is before the Court upon its own motion. The Court has allowed plaintiff to proceed *in forma pauperis* in this action. Pursuant to 28 U.S.C. § 1915(e), the Court is required to review all cases proceeding *in forma pauperis* and to dismiss them it they are frivolous, malicious, or fail to state a claim upon which relief can be granted.

**Background**

Plaintiff filed a complaint of employment discrimination, alleging race and gender discrimination and retaliation. She attached her notice of right to sue, her charge of discrimination, and a copy of the final agency decision. Plaintiff complains that on January 12, 2010, she was not allowed to take her lunch break until 1:25 p.m. because she had to wait for another employee to relieve her. She complains that on January 13, 2010, she submitted a leave slip completed by her doctor and was told she would have to get the doctor to re-send the form because the return-to-work date was not clearly written. She did so, completed a leave slip, and went home that afternoon. Plaintiff asserts defendants discriminated against her on the basis of race and sex, and retaliated against her for previous EEO activity. She alleges defendants'

conduct has caused her health problems. She seeks injunctive relief and compensatory damages.

## Discussion

*Pro se* plaintiffs must set forth enough factual allegations to "nudge [ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569-70 (2007). Regardless of whether a plaintiff is represented or is appearing *pro se*, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985). However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.,* 294 F.3d 1043, 1043-44 (8th Cir.2002) (citations omitted).

Under Title VII of the Civil Rights Act, it is unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII also prohibits employers from retaliating against employees who oppose discriminatory practices. 42 U.S.C. § 2000e-3(a).

In order to set forth a prima facie case of discrimination under Title VII, a plaintiff must allege that she 1) is a member of a protected class; 2) was meeting the legitimate expectations of her employer; 3) suffered an adverse employment action; and 4) that circumstances exist which give rise to an inference of discrimination. *See Wheeler v. Aventis Pharm.,* 360 F.3d 853, 857 (8th Cir.2004). "To establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) she was engaged in a protected activity (opposition or participation); (2) she suffered an adverse employment action; and (3) the adverse action occurred because she was

engaged in the protected activity." *Hunt v. Nebraska Public Power Dist.,* 282 F.3d 1021, 1028 (8th Cir.2002).

An employee suffers an adverse employment action when there is a "tangible change in duties or working conditions" constituting "a material employment disadvantage." *Burchett v. Target Corp.,* 340 F.3d 510, 518 (8th Cir.2003) (citation omitted); *Enowmbitang v.. Seagate Tech., Inc.,* 148 F.3d 970, 973 (8th Cir.1998) (adverse employment action must materially alter or impact the terms of the plaintiff's employment). "Termination, cuts in pay or benefits, and changes that affect an employee's future career prospects are significant enough to meet the standard, as would circumstances amounting to a constructive discharge. Minor changes in duties or working conditions that cause no materially significant disadvantage do not meet the standard of an adverse employment action, however." *Kerns v. Capital Graphics, Inc.,* 178 F.3d 1011, 1016-17 (8th Cir.1999). In the context of a Title VII retaliation claim, an adverse employment action is defined as a "tangible change in duties or working conditions that constituted a material employment disadvantage" or a "material change in terms or conditions of [ ] employment." *Moisant v. Air Midwest, Inc.,* 291 F.3d 1028, 1031 (8th Cir.2002) (citations omitted).

The complaint refers to the charge of discrimination plaintiff filed with the Department of Veterans Affairs. Under the heading "Basis," she wrote: "Reprisal Previous EEO Activity." Under "Claim[s]," she wrote: "Terms and Conditions of Employment/Not relieved for lunch at 12:30 Mental Distress, Mental Anguish. This incident caused me to have severe depression. I became sick to my stomach, dizzy, nauseated, I felt like I was going to pass out." [1]

---

[1] In support of her complaint, plaintiff filed a copy of a letter from her doctor describing work-related stressors that have caused her health problems. According to the letter, plaintiff suffers from health issues that dictate a need to have her lunch break at a particular time. The doctor also said plaintiff complained about her employer sending her worker's compensation claim paperwork to a wrong address.

Liberally construing plaintiff's allegations and giving her the benefit of all reasonable inferences from those allegations, the Court finds she has failed to state a claim under Title VII. Her assertions that her lunch period was delayed and that she had to get back to her physician regarding a leave form do not rise to the level of an adverse employment action or a material disadvantage or change in employment conditions. Accordingly, the plaintiff's complaint shall be dismissed as frivolous and/or for failing to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Neitzke v. Williams,* 490 U.S. 319, 325 (1989)(claim frivolous if it lacks an arguable basis in law or fact).

## Conclusion

IT IS THEREFORE ORDERED that plaintiff's action is dismissed with prejudice.

DATED this 13th day of May, 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

*See* docket entry 7.